IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DAEDALUS PRIME LLC, § <br> § <br> *Plaintiff*, § <br> § <br> § <br> v. § <br> § CIVIL ACTION NO. 2:24-CV-00235-JRG <br> § <br> MEDIATEK, INC., § <br> § <br> § <br> *Defendant*. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss in Part Plaintiff's Complaint (the "Motion to Dismiss") filed by Defendant MediaTek, Inc. ("Defendant"). (Dkt. No. 14.) Having considered the Motion to Dismiss, related briefing, and relevant authority, the Court finds that the Motion to Dismiss should be and hereby is **GRANTED**.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Daedalus Prime LLC's ("Plaintiff") filed this lawsuit against Defendant on April 8, 2024, alleging that Defendant infringed eight U.S. patents. (Dkt. No. 1.) On August 5, 2024, Defendant filed this Motion to Dismiss. (Dkt. No. 14.) In the Motion to Dismiss, Defendant seeks to dismiss Plaintiff's allegations of (1) infringement under 35 U.S.C. § 271(f) and (2) pre-suit willfulness. (*Id.* at 1.)

### II.    LEGAL STANDARD

#### A.  Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court can dismiss a complaint that fails to state a claim upon which relief can be granted. To survive dismissal at this early stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson*

*v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts well-pled facts as true and views all facts in the light most favorable to the plaintiff, but it is not required to accept the plaintiff's legal conclusions as true. *Id.* The Court must limit its review "to the contents of the pleadings." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

**III.   DISCUSSION**

    **A.  Infringement Under 35 U.S.C. § 271(f)**

Defendant argues that Plaintiff's Complaint does no more than recite the statutory language of § 271(f) in a conclusory fashion. (Dkt. No. 14 at 2.) Plaintiff does not allege that anything specific is supplied from the United States to anywhere else, nor does it identify any alleged "component" as required by § 271(f). In response, Plaintiff argues that Defendant has design centers in the United States and that discovery will show that MediaTek employees in the United States supply components of the patented invention that are assembled into systems that infringe the Asserted Patents. (Dkt. No. 21 at 5-6.)

The Court agrees with Defendant. In the Complaint, Plaintiff has done no more than a threadbare recitation of the elements of § 271(f) with no factual underpinnings. Plaintiff was required to plead at least some facts that would enable the Court to infer that infringement under § 271(f) is plausible. It has failed to do so. Though Plaintiff raises various facts in its Opposition brief (*see id.*), such facts are not set forth in the Complaint and must be disregarded.

Accordingly, the Court finds that Plaintiff has failed to plead any facts supporting its allegations of infringement under 35 U.S.C. § 271(f).

### B. Pre-Suit Willfulness

This Court understands that a proper claim of willful infringement requires factual allegations that suffice to show both (1) "knowledge of the asserted patents" and (2) "culpable conduct or any set of facts supporting an inference of culpable conduct." *Fractus, S.A. v. TCL Corp.*, No. 2:20-CV-00097-JRG, 2021 WL 2483155, at *4 (E.D. Tex. June 2, 2021). Defendant argues that the Complaint in this case meets neither requirement. (Dkt. No. 14 at 4.) In particular, the Complaint merely alleges pre-suit knowledge and cites in a footnote to a 2022 Delaware complaint that Plaintiff never served and that does not relate to the Asserted Patents in this case. (*Id.*) Although certain patents asserted in the 2022 Delaware complaint may come from the same families as four of the Asserted Patents at issue in this case, Defendant points out that Plaintiff never pled this fact. (*Id.*) Nor has Plaintiff alleged that Defendant was put on notice of Plaintiff's patent portfolio. (*Id.*) In addition, Defendant observes that "knowledge of the patent family is too attenuated to meet the threshold to give Defendants reasonable notice of the Patents-in-Suit as an underpinning to a potential willfulness finding." (*Id.* at 6 (citing *Intell. Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2019 WL 13535668, at *1 (E.D. Tex. Jan. 8, 2019).) Defendant further argues that Plaintiff has pled no facts suggesting evidence of the required culpable conduct. (*Id.* at 7.)

Plaintiff responds with a litany of facts that are not in the Complaint, including allegations that Defendant had been put on notice of Plaintiff's patent portfolio and that Plaintiff had asserted German counterparts to two of the Asserted Patents against Defendant in Germany. (Dkt. No. 21 at 7-10.)

The Court is required to limit its review to "the contents of the pleadings." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015 (5th Cir. 1996). The Complaint does not explain how the

3

cited 2022 Delaware complaint, which was never served and does not reference any of the Asserted Patents, supposedly put Defendant on notice of the alleged infringement of the Asserted Patents in this litigation.

Accordingly, the Court finds that Plaintiff has failed to plead any facts supporting its allegation of pre-suit willfulness.

## IV. CONCLUSION

Defendant's Motion to Dismiss (Dkt. No. 14) is **GRANTED** for the reasons stated herein and as such the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's allegations of (1) infringement under 35 U.S.C. § 271(f) and (2) pre-suit willfulness. However, it is further **ORDERED** that Plaintiff shall have leave within **14 days from the date of this Order** during which to file an amended pleading, addressing these legal theories and the shortcomings noted above.

**So ORDERED and SIGNED this 12th day of March, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE